Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CALIXTO RIVERA COLÓN<br><br>Recurrente<br><br>V.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Recurrido | KLRA202400333 | *Revisión de Decisión Administrativa* procedente de la Corporación del Fondo del Seguro del Estado<br><br>Caso Núm.:<br>JA-08-50<br><br>Sobre:<br>Descuento / Cobro Ilegal |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

El 24 de junio de 2024, compareció ante este Tribunal de Apelaciones el señor Calixto Rivera Colón (en adelante, señor Rivera Colón o recurrente), mediante recurso de *Revisión Judicial.* Por medio de este, nos solicita que revoquemos la *Decisión y Orden* emitida y notificada el 24 de mayo de 2024, por la Junta de Apelaciones de la Corporación del Fondo del Seguro del Estado (en adelante, Junta de Apelaciones). En virtud del referido dictamen, la Junta de Apelaciones declaró No Ha Lugar la *Solicitud de Reconsideración* presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se confirma el dictamen recurrido.

## I

Según surge del expediente ante nos, el señor Rivera Colón comenzó sus labores en la Corporación del Fondo del Seguro del Estado (en adelante, CFSE o recurrida), el 1 de octubre de 1974.

Número Identificador

SEN2024 _____

Allí, ocupó el puesto unionado de Abogado I con carácter provisional, hasta el 31 de diciembre de 1974, cuando expiró su nombramiento.[1]

Posteriormente, efectivo el 1 de enero de 1975, el señor Rivera Colón comenzó a ocupar el puesto unionado de Abogado I, con carácter regular-exento.[2] No obstante, la CFSE canceló el estatus regular del puesto, consideró el tiempo laborado por el recurrente como tiempo probatorio[3] y, por petición de su supervisor, extendió dicho periodo hasta el 13 de febrero de 1975.[4] Aprobado satisfactoriamente el mismo, el señor Rivera Colón comenzó a ocupar el puesto de Abogado I con carácter regular a partir del 14 de febrero de 1975.[5]

Cabe señalar que, la determinación de la CFSE de considerar el tiempo trabajado por el recurrente con carácter provisional como parte del periodo probatorio que requería el puesto de Abogado I, estuvo basada en las disposiciones del *Convenio Colectivo Hermandad Unión de Empleados de la CFSE 1973-1974* (en adelante, Convenio Colectivo de 1973), aplicables al señor Rivera Colón por ser unionado.[6]

El 8 de marzo de 1993, el recurrente comenzó a laborar en un puesto de confianza, como Director de Servicios Legales.[7] Posteriormente, el 16 de abril de 1996, el señor Rivera Colón fue seleccionado mediante convocatoria para ocupar el puesto de Asesor Legal V.[8] Dicha posición acarreaba un término probatorio de un (1) año. De modo que, efectivo el 17 de abril de 1997, el recurrente comenzó a ocupar la misma con carácter regular.

---

[1] Véase apéndice del recurso de revisión judicial, pág. 109.
[2] *Íd.*, pág. 110.
[3] *Íd.*, pág. 153.
[4] *Íd.*, pág. 153.
[5] *Íd.*, pág. 154.
[6] *Convenio Colectivo Hermandad Unión de Empleados de la CFSE 1973-1974*, 1 de septiembre de 1973.
[7] Véase apéndice del recurso de revisión judicial, pág. 155.
[8] *Íd.*, pág. 156.

Previo a lo anterior, el 31 de enero de 1997, el señor Rivera Colón presentó, por primera vez, una solicitud de pasos por mérito.[9] Ello, de conformidad al *Sistema de Evaluación y Motivación de Recursos Humanos - Pasos por Mérito Personal Gerencial de Carrera*, aprobado el 31 de mayo de 1996, (en adelante, Sistema de Evaluación y Motivación), el cual, entre otros, estableció un mecanismo de intervalos en el que los empleados podían solicitar pasos por mérito, basado en la cantidad de años que llevasen laborando en la CFSE.

Tras los trámites de rigor, la CFSE le concedió dos (2) pasos por mérito al recurrente.[10] Dos años después, el 5 de enero de 1999, este solicitó nuevamente pasos por mérito. En dicha ocasión, le fue concedido un (1) solo paso.[11] Al siguiente año, el 26 de enero de 2000, el señor Rivera Colón presentó, una vez más, solicitud de pasos por mérito.[12] Efectivo esa misma fecha, la CFSE le concedió un (1) paso por mérito.[13]

Desde entonces, el recurrente solicitó pasos por mérito anualmente. Entiéndase, desde enero 2001 hasta enero 2008.[14] En atención a la solicitud de pasos por mérito presentada el año 2004, específicamente, el 23 de enero de 2004[15], surge del expediente que, la CFSE le concedió dos (2) pasos por mérito, con efectividad el 23 de enero de 2004.[16]

En el ínterin, personal de la CFSE estuvo llevando a cabo una investigación interna, en torno a varios casos en los que, alegadamente, se habían concedido pasos por méritos a varios empleados, sin que estos cumplieran con los requisitos del Sistema

---

[9] Véase, copia certificada del expediente administrativo, 676.
[10] *Íd.*, pág. 658.
[11] *Íd.*, pág. 635.
[12] *Íd.*, pág. 634.
[13] *Íd.*, pág. 603.
[14] *Íd.*, págs. 602, 584, 563, 544, 509, 496, 482 y 440.
[15] *Íd.*, pág. 544.
[16] *Íd.*, pág. 510.

de Evaluación y Motivación.[17] Entre dichos empleados se encontraba el recurrente.

A raíz de lo anterior, el 17 de junio de 2008, el Subdirector del Área de Recursos Humanos de la CFSE, Luis A. Villahermosa Martínez (en adelante, señor Villahermosa Martínez), remitió dos (2) misivas al señor Rivera Colón. Mediante la primera[18], el señor Villahermosa Martínez le notificó al recurrente sobre unos pagos indebidos, relacionados al paso por mérito que le fue otorgado con efectividad del 26 de enero de 2000. En detalle, el señor Villahermosa Martínez le indicó lo siguiente:

> A usted se le tomó en consideración la fecha de comienzo en la Corporación, 1 de octubre de 1974 y no la fecha del nombramiento como empleado regular, que fue el 14 de febrero de 1975. Para enero de 2000 tenía veinticuatro (24) años cumplidos, por lo que tenía que esperar al mes de enero de 2001, cuando cumplió veinticinco (25) años como empleado regular, para solicitar anualmente.

En atención a ello, el señor Villahermosa Martínez le expresó que, procedía el recobro de los pagos emitidos indebidamente desde el 26 de enero de 2000.

Por otro lado, mediante la segunda misiva[19], el señor Villahermosa Martínez le comunicó al recurrente el recobro de otros pagos indebidos, emitidos del 9 de enero de 2004 al 23 de enero del mismo año. Según surge de la misiva, el recobro procedía puesto que, le habían otorgado dos (2) pasos por mérito con efectividad el 9 de enero de 2004, mas, los mismos debían ser efectivos el 23 de enero de 2004, fecha en que el señor Rivera Colón había radicado su solicitud.[20]

En ambos escritos, el señor Villahermosa Martínez le apercibió al recurrente sobre su derecho a presentar un escrito ante

---

[17] *Íd.*, págs. 223, 221-222 y 215-220.
[18] *Íd.*, pág. 3.
[19] *Íd.*, pág. 4.
[20] Cabe señalar que, ambas determinaciones se fundamentaban en las disposiciones del Sistema de Evaluación y Motivación.

la Junta de Apelaciones en un periodo de treinta (30) días, en caso de no estar de acuerdo con la decisión informada.

Haciendo uso de su derecho, el 14 de julio de 2008, el señor Rivera Colón presentó un escrito ante la Junta de Apelaciones, intitulado *Moción Asumiendo Representación Legal y Presentación de Apelación.*[21] En esencia, el recurrente sostuvo que, la determinación comunicada a través de las misivas era contraria a derecho, puesto que, los salarios devengados correspondían a las clasificaciones y escalas salariales aplicables a los puestos que había ocupado en el servicio de carrera en la CFSE. Precisó que, de conformidad al estado de derecho, no venía obligado a responder por algún error de derecho en el que hubiese incurrido la CFSE. A esos efectos, solicitó que, se ordenara a la CFSE a abstenerse de llevar a cabo el descuento salarial notificado.

El 30 de julio de 2008, la CFSE instó *Contestación a la Apelación.*[22] A grandes rasgos, adujo que, el error incurrido era uno de hecho, "consistente en la forma de considerar la fecha de la efectividad para establecer cuando a la parte apelante le correspondía recibir los pasos por mérito".[23] Indicó que, en vista de ello, venía llamada a llevar a cabo los ajustes y las gestiones necesarias para recobrar lo mal pagado.

Tras múltiples trámites procesales, innecesarios pormenorizar para atender la controversia ante nuestra consideración[24], el 30 de mayo de 2023, el señor Rivera Colón presentó una *Solicitud de Sentencia Sumaria a Favor de la Parte*

---

[21] Apéndice del recurso de revisión judicial, págs. 19-20.
[22] *Íd.*, págs. 21-22.
[23] *Íd.*, pág. 21.
[24] Hacemos constar que, inicialmente, el caso del señor Rivera Colón fue atendido ante la Junta de Apelaciones en un pleito consolidado, del cual formaban parte otros once (11) empleados de la CFSE. No obstante, tras una solicitud de desconsolidación presentada por la recurrida, cimentada en la diferencia de hechos, alegaciones y defensas entre los casos, la Junta de Apelaciones determinó atender los mismos por separado. Véase, copia certificada del expediente administrativo, págs. 55-59.

*Apelante*.[25] Mediante esta, propuso veinticuatro (24) hechos incontrovertidos. Adujo que, la CFSE incidió al no incluir el tiempo trabajado como empleado probatorio para computar los años de antigüedad. Precisó que, la fecha de nombramiento de un empleado se retrotraía a la fecha en que este había iniciado sus labores, una vez cumpliera satisfactoriamente su periodo probatorio. Sostuvo que, toda vez que su nombramiento se retrotraía al 1 de octubre de 1974, al momento de solicitar el paso por mérito del 26 de enero de 2000, contaba con un total de veinticinco (25) años, tres (3) meses y varios días de servicio en la CFSE.

Por otro lado, sostuvo que, el Sistema de Evaluación y Motivación disponía el lapso de tiempo que le aplicaba para solicitar los pasos por mérito. Abundó en que, según este, los empleados que llevaban más de veinticinco (25) años laborando, podían solicitar pasos por mérito cada año, a partir de la fecha de efectividad del último paso por mérito concedido.

No obstante lo anterior, el recurrente reiteró que, aun cuando el cálculo alegado por la CFSE fuese correcto, esta se encontraba impedida de recobrar el dinero pagado, puesto que su equivocación constituía un error de derecho.

De otra parte, con relación a los pagos emitidos en el periodo del 9 de enero de 2004 al 23 de enero de 2004, relacionados a los pasos por mérito efectivos el 9 de enero de 2004, sostuvo que, debía evaluarse si, el término prescriptivo para ejecutar la reclamación era de tres (3) o de quince (15) años, de conformidad al Código Civil. Argumentó que, al tratarse de una reclamación de salarios a la inversa, el término aplicable era el de tres (3) años.

---

[25] Apéndice del recurso de revisión judicial, págs. 23-172.

Finalmente, esgrimió que, procedía la doctrina de incuria y la de abuso del derecho, puesto que, la CFSE había demorado en su proceder, lo que causaba severos daños económicos y morales.

El 27 de octubre de 2023, la CFSE instó *Oposición a Solicitud de Sentencia Sumaria y Solicitud de Desestimación de la Apelación.*[26] Tras oponerse a todos los hechos que entendía controvertidos, reafirmó que, al momento en que el señor Rivera Colón solicitó el paso por mérito el 26 de enero de 2000, este no contaba con más de veinticinco (25) años de servicio, sino que llevaba veinticuatro (24) años con diez (10) meses laborando como empleado regular. Precisó que, no fue hasta el 14 de febrero de 1975 que el estatus del señor Rivera Colón cambió a regular. Añadió que, de conformidad tanto al Sistema de Evaluación y Motivación, como a la Estipulación del 31 de mayo de 1996, pactada entre la CFSE y la Asociación de Empleados Gerenciales de la CFSE[27], se había establecido que, quienes podían solicitar pasos por mérito eran únicamente los empleados gerenciales regulares de carrera.

Por otro lado, sostuvo que, el error cometido era uno humano, al llevar a cabo un cálculo partiendo de la fecha en que el recurrente comenzó a laborar como empleado provisional y no desde que ocupó un puesto regular.

En cuanto al asunto de la prescripción, la recurrida adujo que, en tales casos no existía un periodo prescriptivo especial, por lo que le aplicaba el término de quince (15) años dispuesto por el Código Civil.

Por último, sobre los pasos por mérito concedidos el 9 de enero de 2004, la CFSE expresó que, de conformidad al Sistema de Evaluación y Motivación, el pago de estos debía efectuarse el día en que se radicaba la solicitud. De modo que, el mismo debía ser

---

[26] *Íd.*, págs. 173-223.
[27] *Íd.*, págs. 97-101.

efectivo al 23 de enero de 2004, fecha en que se solicitó, y no al 9 de enero de 2004.

Tras la celebración de una vista el 8 de febrero de 2024, y atendidos los escritos de las partes, el 26 de marzo de 2024, la Junta de Apelaciones emitió *Resolución Sumaria.*[28] Por medio de esta, declaró No Ha Lugar la moción de sentencia sumaria instada por el recurrente, y acogió la solicitud de desestimación presentada por la CFSE. Como parte de su determinación, la Junta de Apelaciones emitió las siguientes determinaciones de hechos:

1. El 1 de octubre de 1974, el señor Rivera Colón fue trasladado desde el Departamento de Justicia a la CFSE para que ocupara, con carácter provisional, el puesto de Abogado I (puesto #1169).

2. El estatus laboral del señor Rivera Colón se mantuvo como de "empleado provisional" hasta el 30 de enero de 1975 cuando cambió de provisional a "probatorio". En la hoja *Informe de cambio* de dicha fecha se consignó expresamente que se dejaba o cancelaba un informe de cambio anterior, por lo que el estatus provisional se mantuvo hasta la fecha antes indicada.

3. Al realizar el cambio a "empleado probatorio", se le acreditó el tiempo servido como empleado provisional al tiempo que debía servir de probatoria laboral.

4. El periodo probatorio fue extendido a petición de su supervisor, por un mes adicional. Como consecuencia, el periodo probatorio culminó el 13 de febrero de 1975.

5. El 14 de febrero de 1975, el estatus laboral del señor Rivera Colón cambió de "probatorio" a "regular", por lo que desde esta fecha se convirtió en un empleado regular unionado.

6. El 8 de marzo de 1993, el señor Rivera Colón pasó a ocupar el puesto unionado 1604 de Director de Servicios Legales, un puesto gerencial de Confianza.

7. El 16 de abril de 1996, y luego de ocupar los puestos de Director de Servicios Legales y Ayudante Especial III, el señor Rivera Colón fue seleccionado como Asesor Legal V, puesto que conlleva un periodo probatorio de doce (12) meses.

---

[28] *Íd.*, págs. 1-13.

8.  El 17 de abril de 1997, el señor Rivera Colón pasó a ser empleado regular como Asesor Legal V.

9.  El 5 de enero de 1999, el señor Rivera Colón solicitó pasos por mérito y le fueron concedidos.

10.  El 26 de enero de 2000, nuevamente, el señor Rivera Colón solicitó pasos por mérito.

11.  Efectivo ese mismo 26 de enero de 2000, la CFSE le otorgó un paso por mérito sin ajuste.

12.  El 23 de enero de 2004, el señor Rivera Colón nuevamente solicitó pasos por mérito.

13.  Efectivo el 9 de enero de 2004, la CFSE le otorgó dos (2) paso[s] por mérito al apelante.

14.  El 17 de mayo de 2005, la Sra. Ana Carrera Plaza, le envió una misiva a la Sra. Ruth Marrero Rodríguez, Directora de Programas Especiales, en la que indicó haber encontrado varios casos en los que se habían aprobado varios pasos por mérito a cierto[s] empleados sin que estos cumplieran con los requisitos.

15.  Entre los nombres mencionados en la carta se encontraba el del señor Rivera Colón.

16.  La Lcda. Wanda I. Caraballo Valentín, Directora de Asesoría Jurídica, emitió una Opinión Legal el 15 de mayo de 2008 respecto al caso del apelante.

17.  El 17 de junio de 2008, al señor Rivera Colón le notificaron dos cartas indicándole que procedía el recobro de los pagos que se le efectuaron indebidamente por los pasos por mérito otorgados el 26 de enero de 2000 y el 9 de enero de 2004.

18.  En estas cartas se le indicó que para el año 2000, cuando el apelante solicitó pasos por merito, éste no había cumplido veinticinco (25) años de servicio como empleado regular para poder reclamar anualmente el paso por mérito, pues fue el 14 de febrero [de] 1975 la fecha en que comenzó como empleado regular. Es decir, que no se contaba la fecha del 1 de octubre de 1974 como empleado regular pues era empleado provisional.

19.  El 31 de diciembre de 2009, el señor Rivera Colón se acogió a la jubilación.[29]

A tenor, y de conformidad al derecho esbozado en su dictamen, la Junta de Apelaciones razonó que, el paso por mérito concedido al recurrente el 26 de enero de 2000 fue solicitado casi

---

[29] *Íd.*, págs. 3-4.

un mes antes de que este cumpliera veinticinco (25) años laborando como empleado regular, por lo que no procedía su pago. Detalló que, a tenor con el ordenamiento jurídico, no procedía computar el periodo en el que trabajó en carácter provisional ni probatorio. Añadió que, de conformidad al Sistema de Evaluación y Motivación, y toda vez que, el señor Rivera Colón había solicitado pasos por mérito en el año 1999, este debía esperar dos (2) años para presentar una solicitud nuevamente.

La Junta de Apelaciones resolvió además que, el error en el cálculo equivalía a una confusión o equivocación administrativa, por lo que se trataba de un error de hecho y no de derecho.

Por otro lado, con relación al paso por mérito con efectividad el 9 de enero de 2004, concluyó que, según dispone el Sistema de Evaluación y Motivación, el pago del mismo debía comenzar a efectuarse a partir de la fecha de radicación de la solicitud. Esto es, el pago del paso por mérito en cuestión debía haberse realizado con efectividad del 23 de enero de 2004, fecha en que se solicitó.

Finalmente, la Junta de Apelaciones concluyó que, no procedía la doctrina de incuria, ni tampoco la aplicación de un término prescriptivo. Sobre esto último, indicó que, la acción no contaba un término especial de prescripción, por lo que la misma prescribía a los quince (15) años, según dispuesto en el Código Civil.

Insatisfecho, el 15 de abril de 2024, el señor Rivera Colón presentó *Solicitud de Reconsideración*.[30] En su somera solicitud, el recurrente sostuvo que, la Junta de Apelaciones incidió al realizar dos (2) de las determinaciones de hechos consignadas. De otro lado, insistió en que el error cometido por la CFSE era uno de derecho y no de hecho.

---

[30] *Íd.*, págs. 224-227.

El 30 de abril de 2024, la CFSE instó *Oposición a Solicitud de Reconsideración*, en la que, en esencia, sostuvo que, el recurrente no presentó argumentos suficientes que movieran a la Junta de Apelaciones a variar su determinación.[31]

El 24 de mayo de 2024, la Junta de Apelaciones emitió la *Decisión y Orden* recurrida, declarando No Ha Lugar la solicitud presentada por el recurrente.[32]

Inconforme aún, el señor Rivera Colón acudió ante este foro mediante el recurso que nos ocupa, y esgrimió los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ LA JUNTA DE APELACIONES AL TOMAR COMO FECHA VINCULANTE PARA DETERMINAR LOS AÑOS DE SERVICIO DEL APELANTE EL 14 DE FEBRERO DE 1975 Y NO EL 1RO DE OCTUBRE DE 197[4].

> **SEGUNDO ERROR:** ERRÓ LA JUNTA DE APELACIONES AL ANTENDER sic QUE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO INCURRIÓ EN UN ERROR DE HECHO Y NO UNO DE DERECHO, QUE IMPOSIBILITA LA ACCIÓN DE RECOBRO POR PARTE DE LA CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO.

> **TERCER ERROR:** ERRÓ LA JUNTA DE APELACIONES AL DETERMINAR QUE QUE (sic) EL TÉRMINO PRESCRIPTIVO APLICABLE A LA ACCIÓN DE RECOBRO POR PARTE DE LA CFSE ES DE QUINCE AÑOS.

Posteriormente, el 24 de julio de 2024, la CFSE instó *Oposición a Recurso de Revisión Judicial.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A. *Revisión Determinaciones Administrativas***

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y

---

[31] *Íd.*, págs. 228-233.
[32] *Íd.*, págs. 14-18.

pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud,* 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II,* 179 DPR 923, 940 (2010). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd.* No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que **si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis suplido).[33]

---

[33] Véase *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; *Super Asphalt v. AFI y otros,* supra, págs. 819-820.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra*; Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos

formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otros,* supra, pág. 819-820. Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía*, supra; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud*, supra.

Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.*

**B. *Sistema de Evaluación y Motivación de Recursos Humanos para la concesión de Pasos por Mérito Personal Gerencial de Carrera***

El 31 de mayo de 1996, la CFSE adoptó el Sistema de Evaluación y Motivación de Recursos Humanos para la concesión

de Pasos por Mérito Personal Gerencial de Carrera, con el propósito de: (i) orientar a los empleados de la CFSE sobre la forma y manera en que deben desempeñar sus funciones para que alcancen niveles de excelencia; (ii) reconocer de manera oficial la labor altamente meritoria a través de la concesión de pasos por mérito; (iii) identificar necesidades de adiestramiento, desarrollo y capacitación de personal y, (iv) determinar la elegibilidad para la concesión de aumentos de sueldo por mérito.[34]

En lo pertinente al caso de marras, dicho reglamento interno establece, en su sección II, lo siguiente:

II. Requisitos

    A. Radicar Solicitud de Pasos por Mérito, debidamente completada al Área de Recursos Humanos, durante el mes de enero del año que corresponda.

    B. Poseer 3 años de servicio como empleado regular de carrera en la Corporación del Fondo del Seguro del Estado.

    C. …

    D. …

    E. …

    F. Una vez concedido un Paso por Mérito el empleado podrá solicitar nuevamente al completar los siguientes requisitos:

        1. Empleados que posean entre 3 a 15 años de servicio en la Corporación como **empleado regular**, deberán esperar intervalos de tres (3) años desde la fecha de efectividad del último paso por mérito concedido para solicitar nuevamente.

        2. Empleados que posean más de 15 hasta 25 años de servicio en la Corporación como **empleado regular**, deberán esperar intervalos de dos (2) años desde la fecha de efectividad del último paso por mérito concedido para solicitar nuevamente.

        3. Aquellos empleados que tengan más de 25 años de servicio en la Corporación como **empleado regular**, deberán esperar intervalo de un (1) año desde la fecha de efectividad del último paso por mérito concedido para solicitar nuevamente.

        4. Cumplir con los demás requisitos. (Énfasis nuestro.)

---

[34] Sección IV, inciso E, del Sistema de Evaluación y Motivación.

### C. *Cobro de lo indebido*

En nuestro ordenamiento jurídico se ha reconocido la doctrina de cobro de lo indebido. La misma está recogida en el Artículo 1795 del Código Civil de Puerto Rico[35], el cual dispone lo siguiente:

> Cuando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido debidamente entregada, surge la obligación de restituirla.

De manera que, la obligación más fundamental que produce la doctrina del cobro de lo indebido es la restitución de la cosa recibida indebidamente. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 367 (2012).

Para que se configure la doctrina de cobro de lo indebido, es necesario la concurrencia de tres requisitos, a saber: (1) que se produzca un pago con la intención de extinguir una obligación; (2) que el pago realizado no tenga una justa causa, es decir, que no exista obligación jurídica entre el que paga y el que cobra, o si la obligación existe, que sea por una cuantía menor a la pagada y, (3) que se haya realizado por error y no por mera liberalidad o por cualquier otro concepto. *Íd.*; *E.L.A. v. Crespo Torres*, 180 DPR 776, 793-794 (2011).

A tenor con la doctrina de cobro de lo indebido, el Tribunal Supremo ha resuelto que el único error que genera la obligación de restituir lo mal pagado es el de hecho y no el derecho.[36]

El error de hecho ha sido definido como aquel que ocurre cuando una persona obra a base de unos hechos que no son verdaderos o, cuando, conociendo los verdaderos, se produce una equivocación meramente formal o de trámite. *Pagán Santiago et al. v. ASR*, supra, pág. 368-369; *E.L.A. v. Crespo Torres*, supra, pág.

---

[35] 31 LPRA § 5121.

[36] Es menester señalar que, la distinción entre el error de hecho y error de Derecho, en materia del cobro de lo indebido, fue descartada en el caso *E.L.A. v. Crespo Torres*, supra. No obstante, al eliminar dicha distinción, el Alto Foro dispuso que, la aplicación de la norma adoptada en dicho caso sería aplicada de manera prospectiva. De manera que, al presente caso, le es de aplicación la norma aquí esbozada.

794. En otras palabras, lo que tradicionalmente se conoce como error humano. *E.L.A. v. Crespo Torres,* supra.

Por otro lado, en el contexto de cobro de lo indebido, el error de derecho surge cuando una persona realiza un pago bajo la creencia de que el mismo le es exigible en derecho, ya sea por desconocimiento de la norma que lo descarga del pago o, por una interpretación errónea del derecho aplicable. *Pagán Santiago et al. v. ASR*, supra, pág. 368; *E.L.A. v. Crespo Torres*, supra.

### D. *Prescripción*

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *S.L.G. Serrano- Báez v. Foot Locker*, 182 DPR 824, 831 (2011); *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). "[E]l propósito de la prescripción es fomentar el pronto reclamo de los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas". *Umpierre Biascoechea v. Banco Popular*, 170 DPR 205, 212-213 (2007). (Sentencia) (Rodríguez Rodríguez, opinión de conformidad).

La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Íd.*, pág. 374.

En lo que concierne a la controversia ante nos, el Artículo 1864 del Código Civil de Puerto Rico[37] dispone, en su parte aquí pertinente, que las acciones "personales que no tengan señalado término especial de prescripción", prescriben a los quince (15) años. 31 LPRA § 5294. Sobre el momento en que comienza a decursar el término de prescripción para ejercer una acción personal, el Artículo 1869 del Código Civil de Puerto Rico dispone que, el tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse. 31 LPRA § 5299; *Ojeda v. El Vocero de P.R.*, 137 DPR 315, 324 (1997).

### III

En su **primer** señalamiento de error, el señor Rivera Colón aduce, en esencia, que la Junta de Apelaciones incidió al calcular sus años de servicio a partir del 14 de febrero de 1975 y no del 1 de octubre de 1974. Precisa que, el periodo trabajado entre ambas fechas fue considerado por la CFSE como tiempo probatorio, y el mismo debe computarse para efectos de su antigüedad, "pues el nombramiento regular se retrotrae a la fecha en que el empleado supera exitosamente este periodo probatorio."[38]

No obstante, aun cuando el señor Rivera Colón sugiere lo anterior, este no fundamenta en derecho su argumento. En su escrito, el recurrente se limita a hacer una somera referencia al Convenio Colectivo de 1973, –en virtud del cual la CFSE consideró el periodo provisional laborado por este como periodo probatorio–, y el Reglamento del Personal de la CFSE.[39] Sobre este último, el señor

---

[37] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, los hechos que dan base a la presente controversia tuvieron lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

[38] Recurso de revisión judicial, pág. 7.

[39] Hacemos constar que, el señor Rivera Colón no incluyó en su recurso de revisión judicial el referido reglamento. El mismo tampoco se incluye en la copia certificada del expediente administrativo.

Rivera Colón escuetamente sostiene que, el mismo dispone que, el tiempo trabajado en estatus transitorio o temporero "debe acreditársele para fines de completar el periodo establecido para ser elegible a los pasos por mérito."[40]

Dicho argumento, no supone un fundamento en derecho que apoye la postura del recurrente, en cuanto a que, el tiempo de antigüedad debe computarse desde el 1 de octubre de 1974 y no desde el 14 de febrero de 1975. Al así obrar, el recurrente no nos coloca en posición de acoger su planteamiento. Recordemos que, la mera alegación de un error, que luego no se fundamenta en derecho, no es motivo para modificar la determinación recurrida.[41] Consecuentemente, es forzoso concluir que el primer error no se cometió.

En su **segundo** señalamiento de error, el recurrente aduce que, la Junta de Apelaciones erró al determinar que, la CFSE cometió un error de hecho y no uno de derecho. No le asiste la razón.

Según reseñamos, en el ámbito de una reclamación de cobro de lo indebido, el error de hecho es aquel que ocurre cuando una persona obra a base de unos hechos que no son verdaderos o, cuando, conociendo los verdaderos, se produce una equivocación meramente formal o de trámite.[42]

Muy distinto a ello lo es el error de derecho, el cual surge cuando una persona lleva a cabo un pago, bajo la creencia genuina de que el mismo le es exigible en derecho.[43] Esto, sea por desconocimiento de la norma o por una interpretación errónea del derecho aplicable.[44]

---

[40] Recurso de revisión judicial, pág. 8.
[41] *Quiñones López v. Manzano Pozas*, 141 DPR 139, 165 (1996).
[42] *Pagán Santiago et al. v. ASR,* supra, pág. 368-369; *E.L.A. v. Crespo Torres*, supra, pág. 794.
[43] *Pagán Santiago et al. v. ASR*, supra, pág. 368; *E.L.A. v. Crespo Torres*, supra.
[44] *Pagán Santiago et al. v. ASR*, supra; *E.L.A. v. Crespo Torres*, supra.

Al evaluar detalladamente el expediente ante nos, coincidimos con la apreciación de la Junta de Apelaciones, en cuanto a que, el error cometido por la CFSE fue uno de hecho. Surge con meridiana claridad que, el error de la recurrida se limitó a una equivocación en un cálculo, al computar un periodo de tiempo a partir de una fecha distinta a la que correspondía. Ello supone, sin más, un error humano, y así precisamente ha sido reconocido el error de hecho.[45] Habida cuenta de ello, razonamos que, el segundo error tampoco fue cometido.

En su **tercer** y último señalamiento de error, el señor Rivera Colón sostiene que, la Junta de Apelaciones incidió al determinar que, el término prescriptivo aplicable a la acción presentada es de quince (15) años. Aduce que, la reclamación de la CFSE no es más que una "reclamación de salarios a la inversa", la cual cuenta con un plazo prescriptivo de tres (3) años. Añade que, en estos casos, donde no hay un término prescriptivo fijado, el Alto Foro ha resuelto que, se debe buscar el plazo de mayor analogía. No nos persuade.

Examinadas las alegaciones presentadas en los documentos que obran del expediente, encontramos que, la causa de acción en el presente caso se circunscribe a un cobro de dinero por alegados pagos indebidos. Como es sabido, nuestro ordenamiento jurídico no establece un término especial para instar tal acción personal, por lo que, le aplica el término de quince (15) años reconocido por nuestro ordenamiento jurídico.

En adición, no podemos perder de vista que, los pagos emitidos por error a favor del señor Rivera Colón involucran fondos públicos. Sobre las acciones instadas por el Estado, para recobrar el desembolso indebido de fondos públicos, el Tribunal Supremo ya ha resuelto que, le es de aplicación el término prescriptivo que

---

[45] *E.L.A. v. Crespo Torres*, supra.

establece el artículo 1864 del Código Civil de Puerto Rico, *supra*, a saber, quince (15) años.[46] Dicho periodo, le brinda la oportunidad al Estado para vindicar su obligación para con los fondos públicos.[47] A tenor, concluimos que el tercer error tampoco se cometió.

Finalmente, es menester señalar que, en su súplica, el señor Rivera Colón indica que, solicita, entre otros, que se "ordene dejar sin efecto los recobros notificados por la CFSE… con respecto a los pasos por mérito reconocidos y otorgados con efectividad al 26 de enero de 2000 (un paso por mérito) y 9 de enero de 2004 (dos pasos por mérito)."[48] No obstante, en cuanto a este último, señalamos que, el recurrente no hizo referencia alguna al asunto durante su escrito. Es decir, a pesar de que el señor Rivera Colón solicita como un derecho a conceder que se deje sin efecto el recobro del paso por mérito del 9 de enero de 2004, este no hace señalamiento de error alguno sobre ello, ni incluye una discusión al respecto. Puntualizamos que, dicha mención general en la súplica, resulta insuficiente para atender el asunto.

A la luz de todo lo anterior, razonamos que no existe razón por la cual no debamos concederle deferencia a la agencia.

**IV**

Por los fundamentos expuestos, se confirma el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[46] *ELA v. Cole*, 164 DPR 608, 641 (2005); *ELA v. Soto Santiago*, 131 DPR 304, 323 (1992).
[47] *ELA v. Soto Santiago*, supra.
[48] Véase recurso de revisión judicial, pág. 12.